**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-175-FDW**

| | | |
|---|---|---|
| CHESTER LAMBERT LILLEY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| MATTHEW LEVCHUK, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1), and on Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2).

**I.     BACKGROUND**

Pro se Plaintiff Chester Lambert Lilley, Jr., is a prisoner of the State of North Carolina currently incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina. The North Carolina Department of Public Safety website indicates that Plaintiff was convicted on April 29, 2015, in Wilkes County Superior Court following his guilty plea to charges of possession with intent to sell Schedule VI substances; the sale of Schedule VI substances; and the manufacturing of Schedule VI substances. Plaintiff was sentenced to 18 to 31 months of imprisonment.

Plaintiff filed this action on September 28, 2016, pursuant to 42 U.S.C. § 1983, naming the following persons as Defendants: (1) Matthew Levchuk, identified as a district attorney in Wilkesboro, North Carolina; (2) Andrew Warren, identified as Plaintiff's court-appointed attorney in Plaintiff's underlying criminal action; and (3) Craig Dancy, identified as a Lieutenant with the Wilkesboro Police Department, and the investigating officer in Plaintiff's underlying criminal

1

action. (Doc. No. 1 at 3). In his complaint, Plaintiff contends that Defendant Warren and Defendant Dancy conspired to secure Plaintiff's conviction by fabricating evidence, and that he was subject to an unlawful arrest by Dancy. (Id. at 3-4). Plaintiff also maintains that Defendant Warren provided ineffective assistance of counsel by, among other things, failing to obtain a reduction in Plaintiff's bond and by failing to share discovery with Plaintiff in a timely manner. (Id.). Plaintiff contends that once he received his discovery it revealed that Defendant Dancy had "padded" the charges against him. (Id.). Plaintiff also complains that Defendant Warren pressured him into accepting a guilty plea. (Id.). In his claim for relief, Plaintiff seeks, among other things, an order overturning his convictions. (Id. at 4).

Plaintiff previously filed an almost identical action in this Court on February 17, 2016, naming Defendant Warren and Defendant Dancy as defendants in that action. On March 10, 2016, this Court dismissed that action without prejudice as barred by Heck v. Humphrey, 512 U.S. 477 (1994). See Lilley v. Warren, Civ. No. 5:16-cv-30-FDW (W.D.N.C.).

**II.    STANDARD OF REVIEW**

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an

2

indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III.  DISCUSSION

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 486-87 (footnotes omitted; emphasis added). Here, given the allegations in his Complaint, a judgment in Plaintiff's favor would necessarily imply the invalidity of his conviction or sentence. Plaintiff has not alleged, however, that his underlying conviction has been reversed or otherwise invalidated. Indeed, he has alleged that his conviction has not been reversed. Therefore, his claims

are barred by Heck.[1]

### IV. CONCLUSION

In sum, for the reasons stated above, the Court will dismiss this action without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2), is **GRANTED** for the limited purpose of this review.

2. This action is **DISMISSED** without prejudice.

3. The Clerk is directed to close this case.

Signed: October 3, 2016

Frank D. Whitney
Chief United States District Judge

---

[1] In addition to the fact that Plaintiff's claims are Heck-barred, Defendants Levchuk and Warren are subject to dismissal in any event. As a district attorney, Defendant Levchuk is entitled to absolute prosecutorial immunity for actions taken while performing traditional prosecutorial duties. See Imbler v. Pachtman, 424 U.S. 409 (1976). As to Plaintiff's court-appointed attorney Defendant Warren, it is well established that an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. See Polk Cnty. v. Dodson, 454 U.S. 312 (1981). Furthermore, because Plaintiff has already filed an almost identical action in this Court, and the Court has already dismissed that action as Heck-barred, the Court's prior dismissal also appears to bar Plaintiff from bringing this action under res judicata principles.